# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:10-CR-115 |
| Plaintiff, | : | JUDGE JOHN R. ADAMS |
| v. | : | **AMENDED JOINT ENTRY AND AGREED UPON DISPOSITION OF MOTION TO VACATE AND CORRECT SENTENCE** |
| MICHAEL MIXON, | : | |
| Defendant. | : | |

In consideration of the mutual promises set forth below, the following Agreement is entered into by and between Defendant Michael Mixon, and his counsel, Jeffrey B. Lazarus, and the United States of America, by Steven Dettelbach, United States Attorney, and Joseph P. Schmitz, Assistant United States Attorney. The instant motion is an amended version of a previous motion, Dkt. 21, and all amendments are found in Paragraph 5.

1. The United States of America and the Defendant Michael Mixon consent to the Court's entry of a finding under 28 U.S.C. § 2255 that the defendant's sentence of August 23, 2010, was imposed in violation of the laws of the United States. Specifically, Mr. Mixon was sentenced for a crack cocaine offense, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A). Based on his offense, this Court sentenced Mr. Mixon under the statutory penalty range of 10 years to life. Dkt. 20, Sentencing Tr., p. 4. Mr. Mixon was sentenced after the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2374 (FSA), but sentenced under the pre-FSA

1

statutory penalties. Pursuant to Dorsey v. United States, __ S.Ct. ___, 2012 WL 2344463 (June 21, 2012), Mr. Mixon should have been sentenced under statutory penalties found in the FSA, which comprised a statutory penalty range of 5 to 40 years. See 21 U.S.C. § 841(a)(1), (b)(1)(B);

2. Based on Dorsey and the FSA, the parties agree that the defendant is entitled to be resentenced. The United States of America, in consideration of the promises set forth herein, agrees to waive any procedural arguments that could be asserted in opposition to the vacating of the defendant's original sentence;

3. The parties agree that the defendant is entitled to be resentenced and jointly recommend to the Court that he be resentenced to a term of imprisonment from within the statutory range of 5 to 40 years, pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B). In terms of Mr. Mixon's sentencing guidelines, the parties agrees that Mr. Mixon's offense conduct involved 50 grams of crack cocaine, which yields a base offense level of 26. See U.S.S.G. § 2D1.1(c)(7). As Mr. Mixon then receives a three-level decrease for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, making his total offense level 23.

4. The parties have no agreement as it relates to Mr. Mixon's Criminal History Category and therefore the parties have no agreement as to what Mr. Mixon's sentencing guideline range is. Mr. Mixon reserves the right to request a downward variance below the sentencing guideline range, whatever it is determined to be, but may not ask for a sentence below the mandatory minimum of 60 months. The government reserves the right to request an upward variance above the sentencing guideline

range, but agrees the government will not ask for a sentence above 120 months.

5. Defendant Michael Mixon, having been fully advised by counsel of the rights conferred under federal law to appeal or to collaterally attack the district court's resentencing, expressly and voluntarily waives those rights, except that the defendant expressly reserves the right to appeal or to otherwise challenge his new sentence in the event the term of imprisonment exceeds the sentencing guideline range. As indicated above, determination of Mr. Mixon's Criminal History Category is to be determined by the Court. Mr. Mixon reserves the right to appeal his sentence if the Court sentences him above this range. Mr. Mixon, however, understands that he expressly waives the right to appeal of his Criminal History Category designation;

6. The United States of America and Defendant Michael Mixon agree to be bound by the terms of this Joint Entry. The defendant acknowledges and understands that the district court may impose any sentence provided by law. The defendant further acknowledges and understands that unless the defendant's new sentence exceeds the sentencing guideline range as determined by the Court, the defendant has, by virtue of this Agreement, knowingly and voluntarily waived his right to appeal or otherwise challenge the new sentence.

**ATTESTATION**

The defendant acknowledges that he has read this Joint Entry, that he understands its terms, that he has had an opportunity to discuss the matter with his attorney, and that he is satisfied with his attorney's representation. The defendant also acknowledges that this Joint Entry sets forth the entire understanding between him and the United States of America, and that the understanding has

been approved and entered into by the defendant knowingly, freely and voluntarily and without threats from anyone, after due consultation with his undersigned attorneys.

## **SIGNATURES**

/s/ Michael Mixon                             February 1, 2013
MICHAEL MIXON, Defendant                      Date


/s/ Jeffrey B. Lazarus                        February 1, 2013
JEFFREY B. LAZARUS                            Date
Counsel for Mr. Mixon
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856
Fax: 216-522-4321
jeffrey_lazarus@fd.org


STEVEN DETTELBACH
United States Attorney


By:    /s/ Joseph P. Schmitz                  February 1, 2013
       JOSEPH P. SCHMITZ                      Date
       Assistant U.S. Attorney
       400 U.S. Courthouse
       801 W. Superior Avenue
       Cleveland Ohio 44113
       Phone: 216-622-3758
       Fax: 216-522-8355
       joseph.schmitz@usdoj.gov


APPROVED:


 /s/John R. Adams                             4/08/2013
UNITED STATES DISTRICT JUDGE                  Date