UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO.: 1:10CR115 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| MICHAEL MIXON, | ) | **ORDER AND DECISION** |
| | ) | (referencing Doc. 43) |
| Defendant. | ) | |
| | ) | |

Pending before this Court is a motion filed by Defendant, Michael Mixon, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014).  Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels.  *See* U.S. Sentencing Guidelines Manual, App. C.  The Government does not oppose the motion; however, for the reasons stated herein, the motion is <u>DENIED</u>.

I.     **FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, on February 18, 2010, members of the Cleveland Narcotics Unit were touring the area of East 131st and Gay for gang graffiti.  They observed two vehicles alongside each other, facing in opposite directions.  As the officers approached, they observed a hand-to-hand transfer between the drivers, and then both vehicles left the scene.

1

A short time later, one of the vehicles was pulled over on Corlett Avenue for a traffic violation. The Defendant, Michael Mixon, was driving the vehicle. The officers asked Mr. Mixon to exit the car, and he admitted to officers that he had "dope" in his inside vest pocket. Mr. Mixon was later searched, and the officers found 50.84 grams of crack cocaine, intended for sale and distribution to others, in his possession.

On August 18, 2010, Mixon plead guilty to one count of possession of cocaine base with intent to distribute pursuant to 21 U.S. §§841(a)(1) and (b)(1)(A). This Court then sentenced him to a mandatory-minimum term of 120 months, to be followed by a term of five years of supervised release. This sentence was within the guideline range of 120 to 150 months of incarceration, at a total offense level of 27 and a Criminal History Category designation of V.

In April of 2013, the Court then granted the parties' joint motion seeking a modification of Mr. Mixon's sentence following the 2011 retroactive crack cocaine amendment. U.S.S.G. Amendment 750 (eff. Nov. 1, 2011). On June 24, 2013, this Court reduced the total offense level of 23, resulting in an amended sentencing guideline range of 84 to 105 months and imposed a sentence of 84 months.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II.     LAW AND ANALYSIS

### A.  Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant

2

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the

3

Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range.  *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*  Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

## B.  Mr. Mixon's Motion for Sentence Reduction

Under the first step of the analysis, Mr. Mixon would otherwise be eligible for a sentence reduction under §1B1.10.  Under the 2014 amendment to the Sentencing Guidelines, Mr. Mixon would be eligible for a reduced sentencing guideline range of 70 to 87 months, as reflected by a total offense level 21 and a Criminal History Category designation of V.  However, after reviewing Mr. Mixon's criminal history and considering the statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

Mr. Mixon's criminal history is significant.  At the age of 15 years old, he admitted guilt and was adjudicated delinquent for aggravated trafficking of drugs.  Approximately a year later, he was convicted for involuntary manslaughter and sentenced to five to 10 years in prison.  Mr. Mixon was incarcerated for almost 88 months (nearly 7.5 years).

4

Following his release, he was arrested for domestic violence in 2005.  He was later convicted and sentenced to 30 days incarceration with one year probation.  Shortly after sentencing, the court scheduled a probation violation hearing to address Mr. Mixon's failure to report to the probation department as directed.  Mr. Mixon failed to appear at the hearing and again failed to appear for his contempt of court hearing.  A warrant was issued for his arrest, and he was sentenced to 90 days in custody in November of 2006.

While the domestic violation charge was still pending, Mr. Mixon was arrested for violation of a temporary protection order.  He was subsequently convicted of those charges.

Following his incarceration and other penalties for crimes of violence, Mr. Mixon's criminal history turns once again to drug trafficking.  In 2007, he was arrested for trafficking and later convicted and sentenced to two years community control with 50 hours of community service.

In 2008, he was arrested for aggravated menacing and possession of drugs.  He was convicted and sentenced respectively to probation with 30 days custody (suspended) and community control with community service. Before completing his community control, Mr. Mixon tested positive for marijuana and with just four months left on his sentence, had only completed two of the required 100 hours of community service.  While on community control in 2010, Mr. Mixon was arrested once again for drug trafficking, which resulted in the underlying case.

The Court is troubled by Mr. Mixon's extensive criminal history and his propensity to engage in violent or drug-related criminal conduct, despite being on community control.  While technically not labeled as a "Career Offender," Mr. Mixon has a significant criminal history

5

involving violence and drug trafficking.   In fact, Mr. Mixon's involvement with the sale of drugs only escalated while on community control for prior drug offenses.   Considering the nature and circumstances of the offense and Mr. Mixon's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct.   18 U.S.C. §3553(a).   The Court's current sentence of 84 months appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782.   *Id*. The Court also notes that Mr. Mixon received a sentence reduction in 2013 and that the current sentence remains within the reduced sentencing guideline range of Amendment 782.

### III.    <u>CONCLUSION</u>

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time.   The Defendant's motion is hereby <u>DENIED</u>.

IT IS SO ORDERED.

June 10, 2015                                        */s/ John R. Adams*
Date                                                  Judge John R. Adams
                                                  United States District Court